UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| CONSTANCE M. EVERY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:16-cv-710 |
|  | ) |  |
| MEGAN J. BRENNAN, Postmaster General et. al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint [doc. 30], the United States' Response in Opposition [doc. 32], Plaintiff's Reply [doc. 33], and the United States' Motion for Permission to File a Surreply [doc. 34]. For the reasons herein, the Court will grant Plaintiff's motion and deny the United States' motion.

### I. BACKGROUND

As a pro se plaintiff, Constance M. Every ("Ms. Every") brought this suit against the United States Postmaster General and other federal employees, claiming they violated the "No Fear Act," the "Whistle Blower Act," and "EEO Acts/Rights" by harassing her, targeting her, discriminating against her, retaliating against her, and otherwise disparately treating her until her termination in 2016. [Compl., doc. 1, at 3–4]. The United States moved for judgment on the pleadings, [Mot. J. Pleadings, doc. 19], after which Ms. Every

requested time to retain counsel, [Mot. Extension, doc. 21]. Since then, Ms. Every has retained counsel, who later moved for leave to file an amended complaint. [Mot. Leave, doc. 30]. In the Amended Complaint [doc. 30-2], Ms. Every alleges numerous claims for relief, including a violation of Title VII of the Civil Rights Act of 1964, a violation of her right to free speech under the First Amendment, a violation of her right to due process under the Fourteenth Amendment, a violation of the Tennessee Public Protection Act, negligent infliction of emotional distress, and intentional infliction of emotional distress. [*Id.* at 8–10]. The United States opposes Ms. Every's request to amend her Complaint, maintaining that the proposed amendments are futile and will cause substantial prejudice to the United States. [Resp. at 1–10].

## II. FEDERAL RULE OF CIVIL PROCEDURE 15

Federal Rule of Civil Procedure 15(a)(2) states that if a party can no longer amend its pleading as a matter of course, it may do so "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) "embodies a 'liberal amendment policy,'" requiring courts to "freely give leave when justice so requires." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quotation omitted). To determine whether to grant leave under this liberal policy, courts weigh several factors: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted). "A motion for leave to amend may be denied for futility 'if the court

concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quotation omitted).

### III. ANALYSIS

In arguing that Ms. Every's proposed amendment is futile, the United States asserts that Ms. Every has sued improper parties, that the statute of limitations bars her claims, that she has not exhausted her administrative remedies, that her claims are not cognizable under state law, and that her jury demand is untimely. [Resp. at 3–9]. The United States, however, raises "no objection" to Ms. Every's general allegations—paragraphs eleven through thirty-nine. [*Id.* at 9]. To establish that an amended pleading is futile, a defendant has to show that *none* of the allegations in the amended pleading can measure up to a plausible claim. *See Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *3 (M.D. Tenn. Mar. 19, 2012) ("[W]hether an amended [complaint] is futile depends upon whether the complaint states *any* claim that entitles the pleader to relief." (citations omitted)); *see also Optigen, LLC v. Int'l Genetics, Inc.*, 777 F. Supp. 2d 390, 399 (N.D.N.Y. 2011) ("With regard to the futility prong, 'the proposed amended complaint [need only be] sufficient as to some claims' for the request to not be futile." (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007))).

By declining to address whether Ms. Every's general allegations are factually insufficient—particularly in light of the fact that Ms. Every expressly incorporates them into her claims as fortification, [Am. Compl. ¶ 39]—the United States does not convince the Court that *none* of those claims can withstand dismissal. Also, along these same lines,

the United States appears to concede that at least some of Ms. Every's claims concerning the Postmaster General are plausible. The United States mentions here that it previously moved for judgment on the pleadings *only* as to "the individual defendants" and "argued that the case [may] continue[] only as to the Postmaster General." [Resp. at 3]. Ms. Every renews her claims against the Postmaster General in her Amended Complaint, and because the United States now appears to reiterate its prior position that those claims are plausible, the Court will not reject her Amended Complaint as futile. *See Synthes USA Sales*, 2012 WL 928190 at *3; *Optigen*, 777 F. Supp. 2d at 399.

As to substantial prejudice, the United States asserts that "there is prejudice to the individual defendants since they were not personally served with the original complaint" under Federal Rule of Civil Procedure 4. [Resp. at 5]. Rule 4 of course requires a plaintiff to serve a defendant within ninety days after filing a complaint. Fed. R. Civ. P. 4(m). A prerequisite to a court's ability to exercise personal jurisdiction over a defendant, *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012), proper service under Rule 4 is a requirement that applies in equal force to a pro se plaintiff—a title belonging to Ms. Every when she initiated this action, *see Durham v. Mohr*, No. 2:14-cv-581, 2015 WL 5244464, at *7–8 (S.D. Ohio Sept. 9, 2015); *cf. Reed-Bey v. Pramstaller*, 607 F. App'x 445, 450 (6th Cir. 2015). Still, the Court "must take into consideration the difficulties an individual faces in bringing . . . [a] case without the benefit of legal representation." *Kozak v. Lake State Ry. Co.*, No. 09-CV-14695, 2010 WL 2573370, at *1 (E.D. Mich. May 24, 2010); *see Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) ("[Rule 4(m)] must be construed leniently with regard to *pro se* litigants[.]") (citations omitted)); *Abdullah v. Duncan*, No.

3:12-cv-01285, 2014 WL 1091935, at *1 (M.D. Tenn. Mar. 19, 2014) (acknowledging that the court offered "temporal leeway and specific and directed advice to the *pro se* plaintiff regarding service of process" (footnote omitted)). In this vein, if a pro se plaintiff is unsuccessful in effecting proper service but can demonstrate "good cause for the failure," then that failure is not incurable. Fed. R. Civ. P. 4(m).

The Court notes that Ms. Every did at least attempt to execute proper service of process under Rule 4(m)—having sent, by certified mail, copies of the Complaint to each individual defendant, [*see* Process Receipts & Returns, docs. 4–10]—though she mailed them only to regional post offices and not the United States Attorney General's Office or the United States Attorney's Office, *see* Fed. R. Civ. P. (i)(1)–(3). Her attempt at service is reasonable and diligent for a pro se plaintiff and, though flawed, *see id.*, is excusable under Rule 4(m), *see Habib*, 15 F.3d at 75 (holding that although a pro se plaintiff did not meet Rule 4(m)'s deadline, his reasonable, good-faith effort to meet the deadline sufficed to excuse tardy service). Under these circumstances, the Court is satisfied that Ms. Every has answered Rule 4(m)'s call for good cause, and the Court can discern no prejudice that has befallen the United States, much less substantial prejudice.

The United States, in fact, cites no precedent for its contention that a pro se plaintiff's failure to serve an original complaint, despite a reasonable attempt to do so at the outset, results in substantial prejudice and requires the Court to deny leave to amend under Rule 15(a)(2)'s liberal amendment policy. *See* E.D. Tenn. L.R. 7.1(b) (stating that a movant must cite "legal grounds which justify the ruling sought from the Court"). While a plaintiff's faulty attempt at service, even when reasonable, cannot serve as a *substitute* for

5

proper service, *see Ecclesiastical Order of the ISM of AM, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988) (stating that proper service is indispensable even if a defendant already has actual notice of the lawsuit), it can create leeway for a second opportunity to achieve proper service, *see* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Ms. Every is entitled to that leeway in light of her reasonable, diligent attempt to execute service, which, again, is sufficient for a showing of good cause under Rule 4(m). The Court will therefore grant her leave to file her Amended Complaint, but she must also execute proper service as to her original Complaint. The Court will deny the United States' Motion for Judgment on the Pleadings as moot. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes." (citation omitted)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000))).

### IV. CONCLUSION

Ms. Every's request for leave to amend her Complaint is neither futile nor unduly prejudicial to the United States. Rule 15(a)(2)'s liberal amendment policy therefore favors the granting of her request. Ms. Every's Motion for Leave to File Amended Complaint [doc. 30] is **GRANTED**. The Court orders as follows:

1. Within forty-five days from the date of this Order, Ms. Every **SHALL** serve all the Defendants with her original Complaint and furnish the Court with the requisite proof of service, in the exact manner prescribed by Rule 4. Her failure to do so may result in the dismissal of this action without further notice.

2. The United States' Motion for Permission to File a Surreply [doc. 34] is **DENIED**.

3. The United States' Motion for Judgment on the Pleadings [doc. 19] is **DENIED as moo**t.

The Court will enter an order consistent with this opinion.

    **IT IS SO ORDERED.**

                                                    ENTER:

                                                    s/ Thomas W. Phillips
                                                  United States District Judge