UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CONSTANTCE M. EVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-710 |
| ) | Judge Phillips |
| MEGAN J. BRENNAN, Postmaster General, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

The defendants have filed a motion to alter or amend judgment [Doc. 67] by which they seek reconsideration of the Court's previous order which granted in part and denied in part the defendants' motion for judgment on the pleadings [*see* Doc. 66]. The defendants have filed briefs in support of the motion to alter or amend [Docs. 68, 71] and the plaintiff has responded in opposition [Doc. 70].

For the reasons set forth herein, the defendants' motion [Doc. 67] will be **GRANTED**.

### I. Background

A bit of procedural history will put the instant motion in context. Plaintiff Constance M. Every raised several claims arising from her employment with the United States Postal Service ("USPS") against defendants Megan Brennan, Postmaster General for the USPS, and USPS employees Susan Frazier, Victor Condroski, Donna Aaron,

Donald Swoopes, Betsy Dykes, and Oscar Irvin (collectively "the individual defendants"). Specifically, plaintiff alleged the following claims: (1) hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e, *et seq.*, [Doc. 41 at ¶ 41]; (2) violation of her exercise of free speech [*Id.* at ¶ 43]; (3) retaliatory discharge in violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304[1] [*Id.* at ¶ 45]; (4) violation of due process [*Id.* at ¶ 46]; (5) negligent infliction of emotional distress [*Id.* at ¶ 48]; and (6) intentional infliction of emotional distress [*Id.* at ¶ 50]. The Court granted in part the defendants' motion for judgment on the pleadings and dismissed all of the claims with the exception of the claims of negligent infliction of emotional distress and intentional infliction of emotional distress (hereinafter the "state law claims"); those claims were not dismissed because neither party addressed them [Doc. 65 at p. 14].

Defendants now contend their prior argument that "all the allegations" were covered by Title VII was intended to include the two state law claims and these claims are subject to dismissal [Doc. 68 at pp. 2—3]. Alternatively, the defendants argue that, to the extent these claims are pled in the alternative as claims under the Federal Tort Claims Act ("FTCA"), the claims should be dismissed for failure to comply with the administrative requirements for such claims [*Id.* at pp. 5—6]. Plaintiff has opposed the motion on the grounds that defendants are trying to amend their previous motion and raise new arguments [Doc. 70]. In reply [Doc. 71], defendants contend that their current arguments were

---

[1]The parties agreed to the dismissal of the TPPA claim [Doc. 52 at p. 20; Doc. 57 at p. 7].

encompassed by the previous motion arguing for dismissal of "all" claims and further note that they opposed the state law claims in their answer to the amended complaint.

## II.     Analysis

Defendants cite both Fed. R. Civ. P. 59(e) and 60 in support of the motion. Rule 59(e) allows a court to alter or amend a judgment within 28 days of entry. Fed. R. Civ. P. 59(e). Rule 60 allows relief from a judgment for mistakes arising from "oversight or omission" (Rule 60(a)); for mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); or for any other reason that justifies relief (Rule 60(b)(6)). Fed. R. Civ. P. 60. Because of the nature of the Court's previous order, however, neither Rule provides relief to the defendants.

The term "judgment" in Rule 59(e) only refers to final judgments or orders. *Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010); *Moore v. Alstom Power Turbomachines, LLC*, No. 1:12-CV-292, 2013 WL 12192494, at *1 (E.D. Tenn. May 14, 2013); *Butler v. United Healthcare of Tenn., Inc.*, No. 3:07-CV-465, 2011 WL 3300674, at *1 (E.D. Tenn. Aug. 1, 2011). An order granting in part judgment on the pleadings while other claims remain pending, as in the instant case, is not a final judgment. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 n.10 (6th Cir. 2008); *Moore*, 2013 WL 12192494, at *1 ("An order granting a partial dismissal of a plaintiff's claims is not a final order that permits the Court to entertain a Rule 59(e) motion"). Similarly, Rule 60(b) only applies to final judgments and orders. *Moore*, 2013 WL 12192494, at *1; *Butler*, 2011 WL 3300674, at *5. Therefore, defendants may not obtain relief through Rule 59(e) or Rule 60(b).

Moreover, relief under Rule 60(a) would be inappropriate here because that subdivision's application is limited to clerical mistakes or oversights; it cannot be used to correct substantive legal errors. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363—64 (6th Cir. 1990). The Court's decision to deny summary judgment on two counts was not a clerical error or oversight.

The Court will construe defendants' motion as a motion to reconsider pursuant to Fed. R. Civ. P. 54(b).[2] Rule 54(b) provides "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." As the Sixth Circuit has stated, "[u]ntil a district court enters a judgment, it may alter or amend any of its orders." *Jaynes v. Austin*, 20 F. App'x 421, 425 (6th Cir. 2001). Without standards in the rule itself or in the local rules, *see Johnson v. Dollar Gen. Corp.*, No. 2:06-CV-173, 2007 WL 2746952, at *2 (E.D. Tenn. Sept. 20, 2007), motions for reconsideration under Rule 54(b) are at the Court's discretion. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir.), *cert. denied*, 543 U.S. 875 (2004).

Reconsideration of an interlocutory order is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* at 959. Motions for reconsideration may

---

[2]The defendants reference Rule 54(b) in their concluding request for entry of a final judgment, but they have not expressly cited Rule 54(b) as a vehicle for obtaining reconsideration of the Court's previous order [*see* Doc. 68 at p. 6].

4

not, however, "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Madden v. City of Chattanooga*, No. 1:08-cv-160, 2010 WL 670107, at *2 (E.D. Tenn. Feb. 19, 2010) (quoting *Grozdanich v. Leisure Hills Health Ctr., Inc.*, 48 F. Supp. 2d 885, 888 (D. Minn. 1999)); *see Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.), *cert. denied*, 488 U.S. 820 (1988) ("Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.") (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

Defendants contend their previous argument that "all the claims … arise from the employment relationship" and should be preempted by Title VII was intended to include the two state law claims for intentional and negligent infliction of emotional distress. Defendants seem to concede that they did not directly address the state law claims in their original briefing – "[w]hile in retrospect it would have been better to delineate these two claims separately… the United States … reasonably intended that all the allegations were such that they should be subsumed into the Title VII claims … ." [Doc. 68 at p. 6]. Defendants have not identified an intervening change in controlling law or new evidence on this issue. Thus, the question is whether the Court's failure to discern defendants' intended argument resulted in a clear error or manifest injustice or, alternatively, whether defendants are raising a new legal theory for the first time.

Defendants' opening brief on the previous motion argued, "even if the court construed the 1983 style claims as arising under *Bivens*, in this case the individuals should be dismissed, since all the claims pled in this complaint arise from the employment

5

relationship" [Doc. 52 at p. 15]. In support of this argument, the defendant cited two cases which stand for the proposition that "USPS employees may not allege *Bivens* claims arising out of their employment relationship with the USPS" [*Id.* (citing *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004) and *Silva v. Potter*, 2006 WL 3219232, at *6 (M.D. Fla. Nov. 6, 2006))]. The authorities cited in support of defendants' position on the instant motion [*see* Doc. 68 at pp. 3—4] were not cited in support of the previous motion. Neither *Mitchell* nor *Silva* address the instant argument – whether state law claims such as intentional or negligent infliction of emotional distress may be raised in an employment discrimination case against USPS; rather these cases addressed the availability of relief for constitutional violations by federal officials. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("In *Bivens* … this Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights'") (citation omitted). Thus, this Court relied on *Mitchell* in support of its conclusion that plaintiff's *constitutional* claims could not proceed [Doc. 65 at p. 13].

While the Court concludes that defendants' instant position was not clearly made, in fairness, the Court deems it to be an extension of the previous arguments, *i.e.*, plaintiff's state law claims are *also* precluded by Title VII just as her constitutional claims are. Defendants contend that the amended complaint contains no factual allegations regarding the state law claims beyond those alleged in support of the discrimination claims [Doc. 68 at p. 3]. Thus, because plaintiff has not alleged an alternative right or injury beyond discriminatory treatment, defendants contend that the claims are preempted by Title VII

6

[*Id.* at pp. 3—4]. It is worth noting that plaintiff has not provided a substantive rebuttal to this argument, only complaining that the issue was not previously raised and should therefore be considered waived [Doc. 70 at p. 2]. Defendants reply that these arguments were preserved via their answer to the amended complaint [Doc. 71 at p. 1 (citing Doc. 44)].

The Sixth Circuit has consistently held that Title VII is the exclusive remedy for claims of discrimination in federal employment and has dismissed claims under other discrimination or civil rights statutes. *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006) ("Federal employees must rely upon Title VII and other federal antidiscrimination statutes … as the exclusive remedy for combating illegal job discrimination"); *Davis v. Runyon*, 142 F.3d 433, 1998 WL 96558, at *5 (6th Cir. Feb. 23, 1998) (holding that Title VII preempts claims under 42 U.S.C. § 1981 and Ohio discrimination statute). However, the Sixth Circuit has not specifically addressed whether Title VII preempts state law claims such as those at issue here. *See Kuklinski v. Lew*, No. 3:14-cv-00843-CRS-DW, 2017 WL 360920, at *4 (W.D. Ky. Jan. 24, 2017) ("The Sixth Circuit has not yet specifically addressed the issue of whether Title VII preempts claims that arise out of facts and circumstances that seek to address injuries other than workplace discrimination"). Further, the Court notes that circuit and district courts around the country are divided on this issue. *Cf. Brock v. United States*, 64 F.3d 1421, 1423 (9th Cir. 1995) (Title VII is "not the exclusive remedy for federal employees who suffer 'highly personal' wrongs"); *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1414—16 (D.C. Cir. 1985) (federal employees may sue for "constitutional violations against which Title VII

7

provides no protection at all"); *with Pfau v. Reed*, 125 F.3d 927, 933—34, n.2 (5th Cir. 1997), *vacated on other grounds*, 525 U.S. 801 (1998) ("So long as the factual predicate of a claimant's non-Title VII claims is the same as the factual predicate for the claimant's Title VII claims against a federal agency, we are bound to conclude that Title VII preempts the non-Title VII claims"); *Mathis v. Henderson*, 243 F.3d 446, 450—51 (8th Cir. 2001) (following *Pfau*); *Mobley v. Donahoe*, 498 F. App'x 793, 797 (10th Cir. 2012) (following *Mathis*).

Defendants rely on *Wallace v. Henderson*, 138 F. Supp. 2d 980 (S.D. Ohio 2000) in support of their position. In *Wallace*, the court noted that Title VII provides the exclusive remedy for *discrimination* claims in federal employment. *Id*. at 983. The court then noted that the claim for intentional infliction of emotional distress "presents a more difficult question" and reviewed the case law in which courts have found claims that, although arising out of the same facts and circumstances, seek to remedy injuries other than workplace discrimination and are not preempted by Title VII. *Id.* at 984—85. Critically, the *Wallace* court concluded:

> While the Supreme Court has expressed that Title VII provides the exclusive judicial remedy for discrimination in the federal workplace, the Court has found no indication that it intended to preclude plaintiffs from bringing claims which, although based on the same facts and circumstances as the Title VII claim, are based on a violation of a distinct and independent right. …To hold that such claims are precluded by Title VII would deprive plaintiffs of a remedy for injuries which are not addressed by that statute. Accordingly, to the extent that Plaintiff's intentional infliction of emotional distress claim is the result of retaliation in his workplace, that state law claim must be DISMISSED, as precluded by Title VII. However, to the extent that his intentional infliction of emotional distress claim seeks redress for a 'highly personal injury,' beyond discrimination or retaliation … his claim remains.

*Id.* at 987 (citation omitted); *see Heimberger v. Pritzker*, No. 2:12-CV-01064, 2014 WL 1050341, at *9 (S.D. Ohio Mar. 17, 2014) ("not all claims based on workplace conduct are subsumed by Title VII"); *Charlot v. Donley*, No. 3:11-579-MBS-SVH, 2012 WL 3264568, at *5 (D.S.C. Aug. 9, 2012) ("With regard to federal employment discrimination, Title VII claims do not preempt common law torts of a highly personal nature, …even if both claims arise from the same set of facts"). Defendants contend that the instant case is distinguishable from *Wallace* because the factual allegations of the state law claims are the same as the facts supporting the discrimination claims and plaintiff has not alleged an alternative right or injury [Doc. 68 at p. 4].

The Court has carefully reviewed the authorities cited above on this issue and finds that the lack of distinguishing factual allegations in support of plaintiff's state law claims is dispositive of this issue.[3] As to the claim for negligent infliction of emotional distress, the amended complaint alleges defendants "outrageously breached the duty they owed Plaintiff not to discriminate or retaliate against her due to her race, sex or for engaging in the protected activity of refusing to go along with or not report illegal activity against her or of which she became aware and reported" [Doc. 41 at ¶ 48]. As to the claim for intentional infliction of emotional distress, the amended complaint alleges "[t]he intentional/willful/malicious conduct by all those Defendants proximately caused Plaintiff Every severe emotional distress" [*Id.* at ¶ 50]. In short, the support for plaintiff's claims

---

[3]The Court expresses no opinion as to whether such claims could proceed under different factual circumstances.

9

of intentional and negligent infliction of emotional distress is solely the defendants' alleged discriminatory and retaliatory conduct. Plaintiff has alleged no personal harm or injuries that are distinct and independent from her discrimination claims. *See Roe v. Gates*, No. 303cv192, 2009 WL 3063393, at *15 (S.D. Ohio Sept. 21, 2009) (claim of intentional infliction of emotional distress is precluded by Title VII because it is not based on a violation of distinct and independent right); *Roland v. Potter*, 366 F. Supp. 2d 1233, 1236 (S.D. Ga. 2005) (the intentional infliction of emotional distress claim is "wholly derivative from the alleged conduct giving rise to [her] Title VII claims") (quoting *Chergosky v. Hodges*, 975 F. Supp. 799, 801 (E.D.N.C. 1997)). Thus, the Court finds that plaintiff's state law claims, as alleged, are preempted by Title VII and should be dismissed.[4]

### III. Conclusion

For the reasons set forth herein, the defendants' motion to alter or amend judgment [Doc. 67] will be **GRANTED** and the remaining state law claims will be **DISMISSED**. An appropriate order will be entered.

s/ Thomas W. Phillips<br>
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] In light of this conclusion, the Court need not address defendants' arguments regarding the applicability of the Federal Tort Claims Act [*see* Doc. 68 at pp. 5—6].